UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:   [IN CHAMBERS] ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Plaintiff Young Hee Park sued Defendants Armando Perez (doing business as Vegas Beauty Salon) and Andrew Chiao for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (Compl., Dkt. No. 1.) Park has since dismissed Perez from this case. (Dkt. No. 18.) Although Park served Chiao with process, Chiao did not appear or file anything in this case. (Dkt. No. 13.) So default was entered against Chiao on June 13, 2017. (Dkt. No. 17.) Now Park asks for default judgment.

The Court GRANTS the motion for default judgment. (Dkt. No. 23.) Finding cause shown in Park's filing of the motion for default, the Court DISCHARGES its previous order to show cause concerning lack of prosecution. (Dkt. No. 19.)

**1. BRIEF BACKGROUND**

According to Park's complaint, Chiao was an owner, operator, lessor, or lessee of Vega's Beauty Salon in Garden Grove, California. (Compl., Dkt. No. 1-1 at ¶ 2.) Park went to the salon to get a haircut, but discovered there were no ADA compliant accessible parking spaces in the salon's parking lot. (*Id.* at ¶ 7–10.) Park alleges that accessible parking spaces "once existed at this location" but that Chiao "simply failed to maintain the parking space

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

and . . . allowed the access aisle to fade beyond recognition." (*Id.* at ¶ 12.) Park alleges that the parking lot also lacked appropriate signs. (*Id.* at ¶ 12–14.) Park says these problems "denied [her] full and equal access" to the salon. (*Id.* at ¶ 16.)

## 2. PROCEDURAL REQUIREMENTS FOR DEFAULT JUDGMENT

On a application for default judgment, the Court considers the procedural requirements of Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 of the Central District of California, along with several court-created factors. Further, the moving party bears the burden of showing: (1) when and against what party default was entered; (2) the identity of the pleading underlying the default; (3) that the defendant is not incompetent, an infant, or a member of the military; and (4) in some cases, that the defendant has been served with written notice of the application for judgment and the amount sought. Fed. R. Civ. P. 55(b)(2); L.R. 55-1. As a preliminary matter, Park has met this burden. (*See* Dkt. Nos. 23, 23-1, 23-3.)

## 3. SUBSTANTIVE REQUIREMENTS FOR DEFAULT JUDGMENT

Ultimately, a district court's decision to enter default judgment is discretionary. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Additionally, allegations in a complaint are taken as true, except those relating to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Courts look to several factors to determine if default judgment is appropriate. These include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These are referred to as the "*Eitel* factors."

Here, the *Eitel* factors weigh in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

### 3.1 Possibility of Prejudice to Park

Park will suffer prejudice if default judgment is not entered. Absent default judgment, she will not be able to collect damages or to get Chiao to fix the parking lot problems, especially considering Chiao's failure to respond to this case. The first factor thus favors default judgment.

### 3.2 Merits & Sufficiency of the Complaint

Park seeks default on both its ADA and California Unruh Civil Rights Act claims.

Concerning the ADA claim, Park's complaint is sufficient and the claim appears meritorious. The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To succeed on her ADA claim, Park must "establish that (1) she is disabled within the meaning of the ADA; (2) [Chiao] owns, leases, or operates a place of public accommodation; and (3) [Chiao] was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

The Court notes that Park might have made a typographical error in her application for default judgment concerning the facts of this case. Park argues that her "rights were violated because Defendant Jean Choi d/b/a Wilshire Spa failed to provide compliant accessible facilities." (Dkt. No. 23-1 at 4.) But there isn't a Jean Choi or Wilshire Spa in this case. Elsewhere Park appropriately refers to the only Defendant remaining in this case, Andrew Chiao, so the Court proceeds assuming that this was a typographical error. The Court will ask Park's counsel to confirm these facts in the hearing on this motion.

Park's ADA claim is meritorious and well-pleaded. She is disabled within the meaning of the statute, Chiao apparently owns, operates, or leases Vega's Salon, and Park was denied a public accommodation because of her disability through Chiao's failure to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

appropriate accessible parking spaces and signs. *See Molski*, 481 F.3d at 730. Similarly, Park's Unruh Civil Rights Act claim is also meritorious and well-pleaded, since "[i]n the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA." *Id.* at 731.

The second and third *Eitel* factors weigh in favor of default judgment.

### 3.3 Damages, Fees & Injunction

The fourth *Eitel* factor, the amount of money at stake, also favors default judgment. The Unruh Act allows for monetary damages, while the ADA provides attorney fees and injunctive relief. *Id.* at 730–731. The Court has discretion to determine the amount of damages to be awarded if default judgment is granted. *See Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999). "A court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima." *Microsoft Corp. v. Coppola*, Civ. No. CV-06-06701 WHA, 2007 WL 1520964, at *4 (N.D. Cal. May 24, 2007) (citing *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)).

Plaintiff seeks $8,000 in statutory damages and $4,625 in attorney fees and costs actually incurred in this case. (Dkt. No. 23-1 at 6.) The Court concludes that these amounts are reasonable and appropriate. The $8,000 represents the low end of the statutory damages available to Park under the Unruh Act, which provides $4,000 as the statutory minimum for each violation of the Act. *See* Cal. Civ. Code. § 52(a). Park asserts two violations, "one for the actual visit and one for the deterred visit" to Vega's Salon. Park's attorney fee and cost request also seems reasonable considering the 11.9 hours spent on this case. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).

Turning to Park's requested injunctive relief, the Court must determine the appropriate scope of that relief. Fed. R. Civ. P. 65. Generally, "an injunction must be narrowly tailored to affect only those persons over which it has power . . . and to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (internal quotations omitted). Park submitted a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

proposed judgment with her application for default, which includes an order for "Defendant Andrew Chiao . . . to provide accessible parking spaces at the property located at 12083 Garden Grove Blvd. Garden Grove, California." (*See* Dkt. No. 23-2.) This proposed injunctive language is appropriate, particularly since it is narrowly tailored to remedy the issues in this case. *See Price*, 390 F.3d at 1117; *see also* 42 U.S.C. § 12188(a)(2) (authorizing "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities").

Put simply, Park's requested relief (damages, attorney fees, and an injunction) is appropriate and the amount of money at stake is not very high, so the fourth *Eitel* factor weighs in favor of default judgment.

### 3.4 Possibility of Dispute & Excusable Neglect

The fifth and sixth *Eitel* factors also weigh in favor of default judgment. Park has provided compelling evidence beyond her complaint supporting her ADA and Unruh Act claims. It appears Chiao is, in fact, liable for the alleged violations. And, what's more, Park has given Chiao, through service, the opportunity to appear and defend against these claims, so it doesn't appear there is any excusable neglect. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (court found no excusable neglect when defendants were properly served and aware of pending litigation).

### 3.5 Policy Favoring Decisions on the Merits

The last *Eitel* factor presents a strong policy for favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. But, "this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 WL 75314, at *3 (N.D. Cal. 1996)). Rule 55 allows courts to decide a case before the merits are heard when "a decision on the merits [is] impractical, if not impossible." *Id.* Since Chiao failed to respond to the complaint, a decision on the merits is untenable and the final *Eitel* factor favors default judgment. Also, the Chiao's failure respond to Park's complaint may suggest that there is no merit to Chiao's case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 17-0335 AG (ASx) | Date | February 12, 2018 |
|---|---|---|---|
| Title | YOUNG HEE PARK v. ARMANDO PEREZ ET AL. | | |

In sum, default judgment is appropriate under the *Eitel* factors.

### 4. DISPOSITION

The Court GRANTS the motion for default judgment. (Dkt. No. 23.) The Court will sign and separately file Park's proposed judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |